UNITED STATES of America,
Plaintiff—Appellee,

v.

Yu Yao XU, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Bing Shu Chen, also known as Jim, also known as Xu Yu Yao, Defendant—Appellant.

No. 05–10040, 05–10041.
D.C. No. CR–04–00027–ARM.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 22, 2005.*

Decided Dec. 7, 2005.

Jamie D. Bowers, Saipan, MP, for Plaintiff–Appellee.

Mark S. Smith, Esq., Steven P. Pixley, Esq., Law Office of Steven P. Pixley, Saipan, MP, for Defendants–Appellants.

Before HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Appellants challenge the sufficiency of the evidence supporting their convictions. The government relied on the testimony of a co-conspirator who identified the Appellants at trial and testified regarding several drug transactions with the Appellants totaling five grams or more of methamphetamine, in the form commonly known as "ice." The co-conspirator's testimony was corroborated at trial by, among other things, taped conversations between the co-conspirator and Bing Shu Chen and the co-conspirator's correct predictions regarding the drug deal where Appellants were arrested. The co-conspirator's credibility was sufficiently tested at trial through direct and cross examination and the jury determined that the co-conspirator was credible. Such a credibility determination is within the province of the jury and should not be disturbed on appeal. *United States v. Alvarez,* 358 F.3d 1194, 1202 (9th Cir.2004). "Finally, the uncorroborated testimony of co-conspirators is sufficient evidence to sustain a conviction unless incredible or unsubstantial on its face." *Id.* at 1201 (internal quotation marks omitted). We find nothing incredible or unsubstantial about the co-conspirator's testimony and therefore AFFIRM the Appellants' convictions.

Chen also brings a challenge to his sentence under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), making a general allegation of plain error without pointing out any error in particular. Upon review of the record, we find that Chen's allegation of error is incorrect. The district court specifically recognized the advisory nature of the Sentencing Guidelines and sentenced Chen

within the Guideline range. Chen does not challenge his sentence as unreasonable. Accordingly, we DENY Chen's *Booker* challenge.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.